# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY PAPPERT, WILLIAM MARTIN, and CATHERINE FOSTER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC.,<br><br>    Defendant. | Case No. 1:24-cv-04835 |

## JOINT INITIAL STATUS REPORT

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Carl Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604
Phone: 312-984-0000
Email: malmstrom@whafh.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (General Bar)
867 Boylston Street, Fifth Floor, #1520
Boston, MA 02116
Phone: 617-377-7404
Email: joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey Krivoshey (pro hac vice forthcoming)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
Email: yeremey@skclassactions.com

*Attorneys for Plaintiffs*

Angela M. Spivey (*pro hac vice forthcoming*)
Andrew G. Phillips (*pro hac vice forthcoming*)
Troy A. Stram (*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

Tobin J. Taylor (Bar #6238227)
Andrew J. Roth (Bar #6279716)
Laura Lee Buecker (Bar #6326647)
**HEYL ROYSTER VOELKER & ALLEN, P.C.**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com
aroth@heylroyster.com
lbuecker@heylroyster.com

*Attorneys for Conagra Brands, Inc.*

1. **The Nature of the Case:**

    a. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

| | |
|---|---|
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>Carl Malmstrom<br>111 West Jackson, Suite 1700<br>Chicago, IL 60604<br>Phone: 312-984-0000<br>Email: malmstrom@whafh.com<br><br>**SMITH KRIVOSHEY, PC**<br>Joel D. Smith (General Bar) (Lead)<br>867 Boylston Street, Fifth Floor, #1520<br>Boston, MA 02116<br>Phone: 617-377-7404<br>Email: joel@skclassactions.com<br><br>**SMITH KRIVOSHEY, PC**<br>Yeremey Krivoshey (pro hac vice forthcoming)<br>166 Geary Street, Ste. 1500-1507<br>San Francisco, CA 94108<br>Phone: 415-839-7000<br>Email: yeremey@skclassactions.com<br><br>*Attorneys for Plaintiffs* | Angela M. Spivey (Lead) (*pro hac vice forthcoming*)<br>Andrew G. Phillips (Lead) (*pro hac vice forthcoming*)<br>Troy A. Stram (*pro hac vice forthcoming*)<br>**ALSTON & BIRD LLP**<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 881-7000 (telephone)<br>angela.spivey@alston.com<br>andrew.phillips@alston.com<br>troy.stram@alston.com<br><br>Tobin J. Taylor (Lead) (Bar #6238227)<br>Andrew J. Roth (Bar #6279716)<br>Laura Lee Buecker (Bar #6326647)<br>**HEYL ROYSTER VOELKER & ALLEN, P.C.**<br>33 N. Dearborn Street, 7th Floor<br>Chicago, IL 60602<br>(312) 853-8700<br>ttaylor@heylroyster.com<br>aroth@heylroyster.com<br>lbuecker@heylroyster.com<br><br>*Attorneys for Conagra Brands, Inc.* |

**b. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiffs assert that Defendant's use of the labeling claim "100% Whole Fish Fillets" on packages of Van de Kamp's and Mrs. Paul's breaded, frozen fish fillet products deceives a reasonable consumer into believing "that the products are literally composed of 100% Whole Fish," when they are not.

Defendant denies Plaintiffs' allegations in their entirety, denies that Plaintiffs have Article III standing to assert their claims, and denies that Defendant's marketing would mislead a reasonable consumer. Defendant's forthcoming Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("FAC") will set forth Defendant's defenses in more particularity.

**c. Briefly identify the major legal and factual issues in the case.**

The significant issues of law and fact are (1) whether Plaintiffs have suffered an Article III injury, (2) whether a reasonable consumer is likely to be deceived by Defendant's labeling, which includes the challenged "100% Whole Fish Fillets" claim, and (3) whether Plaintiffs' claims may be properly certified for the putative nationwide and California, New York, or Massachusetts-wide classes.

**d. State the relief sought by any of the parties.**

Plaintiff seeks (i) disgorgement of Defendant's profits resulting from their allegedly unlawful business practices, (ii) an award of economic, monetary, actual, compensatory and statutory damages caused by Defendant's conduct, (iii) injunctive relief, (iv) an award of punitive damages, (v) an award of Plaintiffs' attorneys' fees and costs, and (vi) an award of pre-judgment interest.

Defendant does not seek affirmative relief at this time.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff's claims.**

The parties do not dispute that the Court has diversity jurisdiction over Plaintiffs' claims under CAFA. However, as will be set forth in Defendant's Motion to Dismiss, Defendant asserts that Plaintiffs lack standing to assert their claims against Defendant. Defendant reserves the right to challenge the Court's personal jurisdiction over absent putative class members outside of the forum state.

   a. **Identify all federal statutes on which federal question jurisdiction is based.**

   None.

   b. **If jurisdiction over any claim(s) is based on diversity or supplemental jurisdiction:**

      i. *State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).*

Pursuant to 28 U.S.C. § 1332(d)(2), Plaintiffs allege a putative nationwide class on their unjust enrichment claim and state specific classes on their other claims. Plaintiffs allege that the aggregate amount in controversy across the Class members exceeds $5 million. Defendant does not dispute that the amount in controversy exceeds $5 million.

      ii. *Identify the state of citizenship of each named party.*

Plaintiffs are citizens of and domiciled in the states of New York, California, and the Commonwealth of Massachusetts.

Conagra Brands, Inc. is domiciled in Illinois (where it is headquartered) and Delaware (its state of incorporation).

3. **Status of Service.**

   Defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge.**

3

The parties do not consent to proceeding before a Magistrate Judge.

5. **Motions**:

    a. **Briefly describe any pending motions.**

None.

    b. **State whether any defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendant anticipates filing a Motion to Dismiss Plaintiffs' FAC on or before August 23, 2024. That motion will seek to dismiss Plaintiffs' claims for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs will oppose Defendant's Motion to Dismiss.

6. **Status of Settlement Discussions.**

The parties have not engaged in settlement discussions, and do not request a settlement conference at this time.

7. **Scheduling.**

The parties submitted, and the Court granted, the agreed-upon briefing schedule for Defendant's pending Motion to Dismiss, which will be fully briefed for the Court's consideration by October 23, 2024. The parties respectfully suggest that they meet and confer on a proposed schedule for this action after the Court's ruling on Defendant's Motion to Dismiss.

Subject to the Court's approval, the parties further propose that if and when the Court later sets a case schedule, it sets forth class certification deadlines and defers setting other pretrial deadlines until after resolution of the motion for class certification. The parties will be in a better position to propose a pre-trial schedule after resolution of the motion for class certification because the outcome of that motion will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or classwide claims.

The parties propose that the Court schedule a case management conference shortly after it issues an order on the motion for class certification and require the parties to meet and confer regarding the remainder of the pre-trial schedule at that time. This proposal is similar to schedules set by this Court in other cases. *See In re Surescripts Antitrust Litig.*, N.D. Ill. Case No. 1:19-cv-06627 (Tharp, J.), ECF No. 221 (setting schedule through class certification hearing).

Respectfully submitted on July 23, 2024.

| | |
|---|---|
| By: */s/ Joel D. Smith* | By: */s/ Angela M. Spivey* |
| **SMITH KRIVOSHEY, PC**<br>Joel D. Smith (General Bar)<br>867 Boylston Street, Fifth Floor, #1520<br>Boston, MA 02116<br>Phone: 617-377-7404<br>Email: joel@skclassactions.com | Angela M. Spivey (*pro hac vice forthcoming*)<br>Andrew G. Phillips (*pro hac vice coming*)<br>Troy A. Stram (*pro hac vice forthcoming*)<br>**ALSTON & BIRD LLP**<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 881-7000 (telephone)<br>angela.spivey@alston.com<br>andrew.phillips@alston.com<br>troy.stram@alston.com |
| **SMITH KRIVOSHEY, PC**<br>Yeremey Krivoshey (pro hac vice forthcoming)<br>166 Geary Street, Ste. 1500-1507<br>San Francisco, CA 94108<br>Phone: 415-839-7000<br>Email: yeremey@skclassactions.com | |
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>Carl Malmstrom<br>111 West Jackson, Suite 1700<br>Chicago, IL 60604<br>Phone: 312-984-0000<br>Email: malmstrom@whafh.com | Tobin J. Taylor (Bar #6238227)<br>Andrew J. Roth (Bar #6279716)<br>Laura Lee Buecker (Bar #6326647)<br>**HEYL ROYSTER VOELKER & ALLEN, P.C.**<br>33 N. Dearborn Street, 7th Floor<br>Chicago, IL 60602<br>(312) 853-8700<br>ttaylor@heylroyster.com<br>aroth@heylroyster.com<br>lbuecker@heylroyster.com |
| ***Attorneys for Plaintiffs*** | ***Attorneys for Conagra Brands, Inc.*** |

.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on July 23, 2024, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Joel D. Smith*
Joel D. Smith