UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY PAPPERT, WILLIAM MARTIN, and CATHERINE FOSTER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:24-cv-04835 ) ) |
| CONAGRA BRANDS, INC., | ) ) |
| Defendant. | ) ) ) |

**CONAGRA BRANDS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Tobin J. Taylor (Bar #6238227)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Attorneys for Conagra Brands, Inc.*

Defendant Conagra Brands, Inc. ("Conagra"), respectfully requests that the Court consider the full versions of Exhibits A through D (attached hereto) in connection with Conagra's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Dkt. 6) ("FAC"). These Exhibits are all central to Plaintiffs' allegations against Conagra and whose authenticity is not in question. The Court, therefore, may take judicial notice of them under Federal Rule of Evidence 201. In the alternative, the Court may also consider Exhibits A through D under the incorporation by reference doctrine because Plaintiffs' FAC expressly refers to and relies on these sources to assert Plaintiffs' claims against Conagra.

Plaintiffs' FAC expressly refers to and relies on the documents at issue in this Request for Judicial Notice. Specifically, Plaintiffs' FAC identifies the following:

1. <u>The Product Labels (the "Labels").</u> The FAC challenges the labeling found on ten Products, which the FAC identifies at ¶ 27. In addition, the FAC includes the front labels of two Products and one back label as exemplars at paragraphs 29 and 32. True and correct copies of all the Labels are attached hereto as exhibits **Exhibit A-D**. Specifically:

   - **Exhibit A** contains the front product labels for Van de Kamp's Products: Crispy Battered Fillets, Crispy Haddock Fillets, Crunching Breaded Fillets, and Beer Battered Fillets;

   - **Exhibit B** contains the front product labels for Mrs. Paul's Products: Crispy Battered Fillets, Crunchy Breaded Fillets, Beer Battered Fillets, and Lightly Breaded Haddock Fillets;

   - **Exhibit C** contains the front and back product label for Van de Kamp's Fish Sticks;

   - **Exhibit D** contains the front and back product label for Mrs. Paul's Fish Sticks.

The information contained in Exhibits A through D is "central to Plaintiff[s'] allegations" by their "reference[ ] in the complaint" or otherwise are from resources of which the Court may take judicial notice. The Court, therefore, may properly consider them in connection with Conagra's motion to dismiss. *See, e.g.*, *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 880 n.13 (N.D. Ill. 2014) (incorporation by reference).

## **LEGAL STANDARD**

There are two exceptions to the general rule that a district court should consider only the complaint: (a) judicial notice; and (b) incorporation by reference. *Olson v. Bemis Co.*, 800 F.3d 296, 305 (7th Cir. 2015). Under both exceptions, the Court may properly consider the Exhibits without converting Conagra's Motion to Dismiss into a motion for summary judgment.

***First***, under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The scope of Rule 201(b) also extends to publicly available documents whose accuracy cannot be contested, particularly where the document is quoted or referenced in a complaint. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) (explaining that the district court was entitled to take judicial notice under Rule 201 of the full contents of an article partially quoted in a complaint); *Global Mat'l Techs., Inc. v. Dazheng Metal Fibre Co. Ltd.*, 2013 WL 80369, at *3 (N.D. Ill. Jan. 7, 2013) (stating that judicial notice is appropriate for "facts that are 'not subject to reasonable dispute' because they are either 'generally known within the . . . court's territorial jurisdiction,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'") (quoting Fed. R. Evid. 201(b)); *ChampionsWorld LLC v. U.S. Soccer Fed'n, Inc.*, 726 F. Supp. 2d 961, 965 (N.D. Ill. 2010) (judicially noticing "public documents whose accuracy is easily verifiable and not subject to reasonable dispute").

***Second***, and in the alternative, the Court may consider materials outside the four corners of the FAC under the incorporation by reference doctrine. Specifically, when plaintiffs have referred to a document in the complaint and the document is central to the claims at issue, the court may consider it as part of the pleadings. *Olson*, 800 F.3d at50 305. "A court deciding a motion to dismiss under Rule 12(b)(6) may consider documents that are attached to a complaint or that are central to the complaint,

3

even if not physically attached to it." *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 810 (7th Cir. 2018) (collecting cases).

## ANALYSIS

The Court should consider Exhibits A through D because they are all referenced and relied on in Plaintiffs' FAC,[1] are central to Plaintiffs' claims, or are not in reasonable dispute. *See, e.g.*, *Robinson v. Walgreen Co.*, 2022 WL 204360, at *2 n.3 (N.D. Ill. Jan. 24, 2022) (on a motion to dismiss, the court considered the product label because it was "referenced in the complaint"); *Sneed v. Ferrero U.S.A., Inc.*, 656 F. Supp. 3d 777, 784 (N.D. Ill. 2023) (taking judicial notice of product packaging "[b]ecause it is easily ascertained whether the images are accurate representations of the product and its packaging [and] they are not subject to reasonable dispute").

Here, Exhibits A through D all fit comfortably within a category of documents that courts will consider on a motion to dismiss, either under the incorporation by reference doctrine or as subject to judicial notice. They are all central to Plaintiffs' claims by their reference in the operative FAC or otherwise are from resources of which the Court may take judicial notice. Whether the Court chooses to judicially notice them or concludes they are incorporated by reference, it should properly consider them in evaluating the sufficiency of the allegations in the FAC.

## CONCLUSION

Accordingly, Conagra respectfully requests that the Court take judicial notice of Exhibits A through D, or in the alternative, deem the Exhibits incorporated by reference in the FAC and consider them in connection with Conagra's Motion to Dismiss.

---

[1] Specifically, the FAC expressly identifies the documents at issue in Exhibits A through D. *See, e.g.*, FAC, Dkt. 6, at ¶¶ 29, 32 (identifying exemplar labels of the Products challenged in the case); ¶ 27 (identifying all products at issue in the complaint).

Respectfully submitted this 23rd day of August, 2024.


*/s/ Tobin J. Taylor*
Tobin J. Taylor

*Counsel for Defendant Conagra Brands, Inc.*