# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY PAPPERT, WILLIAM MARTIN, and CATHERINE FOSTER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONAGRA BRANDS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:24-cv-04835 |

---

## CONAGRA BRANDS, INC.'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

---

Tobin J. Taylor (Bar #6238227)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

***Attorneys for Conagra Brands, Inc.***

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

I.     Plaintiffs Lack Article III Standing ........................................................................ 1

II.    Plaintiffs Do Not—and Cannot—Plausibly Claim that Reasonable Consumers are Deceived by the "100% Whole Fish Fillets" Claim. .......................................... 3

      A.     Plaintiffs' Interpretation of the Challenged Claim is Implausible. ........................ 3

      B.     *Bell v. Publix* Is Distinguishable Because the Label is Not Ambiguous. .............. 5

III.    Plaintiffs Fail to Plausibly Allege They Suffered Injury as a Result of any Alleged Misrepresentations. ............................................................................................... 8

IV.    Plaintiffs' Claims Fail for Additional Reasons. ................................................... 11

      A.     Plaintiffs Fail to Plead Their Claims with Particularity (Counts I–III & VI). ..................................................................................................................... 11

      B.     Plaintiffs Express and Implied Warranty Claims Fail (Counts VII-VIII) ............. 11

      C.     The Unjust Enrichment Claim (Count IX) Should Be Dismissed. ....................... 13

      D.     Plaintiffs Lack Standing to Pursue Injunctive Relief ........................................... 14

      E.     Plaintiffs' Proposed Nationwide Class Should Be Dismissed ............................. 15

CONCLUSION ................................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bell v. Publix Super Mkts., Inc.*,
    982 F.3d 468 (7th Cir. 2020) ........................................................................3, 5, 6, 7

*Bohen v. ConAgra Brands, Inc.*,
    2024 WL 1254128 (N.D. Ill. Mar. 25, 2024) ..........................................................2

*Bonte v. U.S. Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) ................................................................................11

*Brown v. Auto-Owners Ins. Co.*,
    2022 WL 2442548 (N.D. Ill. June 1, 2022) ..........................................................15

*Brownell v. Starbucks Coffee Co.*,
    681 F. Supp. 3d 27 (N.D.N.Y. 2023) .....................................................................8

*Burr v. Sherwin Williams Co.*,
    42 Cal. 2d 682 (Cal. 1954) ...................................................................................12

*Carrol v. S.C. Johnsons & Son, Inc.*,
    2018 WL 1695421 (N.D. Ill. Mar. 29, 2018) .......................................................14

*Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020) ...................................................................................3

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
    2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) .....................................................11

*Cnty. of McHenry v. Ins. Co. of the West*,
    438 F.3d 813 (7th Cir. 2006) ................................................................................11

*Cooper v. Anheuser-Busch, LLC*,
    553 F. Supp. 3d 83 (S.D.N.Y. 2021) ......................................................................3

*Curran v. Bayer Healthcare LLC*,
    2019 WL 398685 (N.D. Ill. Jan. 31, 2019) ..........................................................14

*Curtis v. 7-Eleven, Inc.*,
    2022 WL 4182384 (N.D. Ill. Sept. 13, 2022) ........................................................2

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ................................................................................14

*Dumont v. Reily Foods Co.*,
934 F.3d 35 (1st Cir. 2019) ........................................................................6

*Harris v. Pfizer, Inc.*,
586 F. Supp. 3d 231 (S.D.N.Y. 2022) ........................................................3

*Johnston v. Kashi Sales, L.L.C.*,
626 F. Supp. 3d 997 (S.D. Ill. 2022) ...............................................12, 14

*Kirksey v. R.J. Reynolds Tobacco Co.*,
168 F.3d 1039 (7th Cir. 1999) ..................................................................11

*Leiner v. Johnson & Johnson Consumer Co.*,
215 F. Supp. 3d 670 (N.D. Ill. 2016) .......................................................14

*Lima v. Post Consumer Brands, LLC*,
2019 WL 3802885 (D. Mass. Aug. 13, 2019) ...................................11, 13

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ....................................................................................1

*Manley v. Hain Celestial Grp., Inc.*,
417 F. Supp. 3d 1114 (N.D. Ill. 2019) .......................................................5

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)........................................................................7

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .....................................................................7

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ....................................................................8

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
2019 WL 424703 (S.D. Cal. Feb. 4, 2019) ..............................................13

*Nabors v. Google, Inc.*,
2011 WL 3861893 (N.D. Cal. Aug. 30, 2011) .........................................11

*O'Connor v. Ford Motor Co.*,
567 F. Supp. 3d 915 (N.D. Ill. 2021) .......................................................12

*Oettle v. Walmart, Inc.*,
2022 WL 3584944 (S.D. Ill. Aug. 22, 2022) .............................................4

*Orlander v. Staples, Inc.*,
802 F.3d 289 (2d Cir. 2015).....................................................................10

*Patenaude v. Orgain, LLC*,
    594 F. Supp. 3d 108 (D. Mass. 2022) ...................................................................13

*Payton v. County of Kane*,
    308 F.3d 673 (7th Cir. 2002) ............................................................................15

*Perez v. B. Braun Med., Inc.*,
    2018 WL 2316334 (S.D.N.Y. May 9, 2018) .........................................................10

*Renn v. Otay Lakes Brewery, LLC*,
    2023 WL 6050582 (S.D. Cal. Sept. 14, 2023) ....................................................1, 2

*Retina Assocs. Of W. New York, P.C. v. McKesson Corp.*,
    2024 WL 4122241 (W.D.N.Y. Sept. 9, 2024) .........................................................4

*Richburg v. ConAgra Brands, Inc.*,
    2023 WL 1818561 (N.D. Ill. Feb. 8, 2023) .........................................................2, 4

*Sanchez v. Walmart Inc.*,
    2024 WL 2132426 (N.D. Ill. May 13, 2024) ..........................................................2

*Sheppard v. Manhattan Club Timeshare Ass'n*,
    2012 WL 1890388 (S.D.N.Y. May 23, 2012) .......................................................10

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (N.Y. 1999) ...............................................................................10

*Smith-Brown v. Ulta Beauty, Inc.*,
    2019 WL 932022 (N.D. Ill. Feb. 26, 2019) ....................................................14, 15

*Sorkin v. Kroger Co.*,
    2024 WL 3673719 (N.D. Ill. Aug. 6, 2024) ...........................................................3

*Warren v. Whole Foods Mkt. Grp., Inc.*,
    574 F. Supp. 3d 102 (E.D.N.Y. 2021) ................................................................13

*Watkins v. MGA Ent., Inc.*,
    574 F. Supp. 3d 747 (N.D. Cal. 2021) ...........................................................11, 12

*Willard v. Tropicana Mfg. Co.*,
    577 F. Supp. 3d 814 (N.D. Ill. 2021) ...................................................................2

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ............................................................................7

## RULES

Fed. R. Civ. P. 8(a) ..............................................................................................10

Fed. R. Civ. P. 9(b) .......................................................................................................11, 13

## INTRODUCTION

Having failed to allege which of the Products[1] they purchased, Plaintiffs lack Article III standing. As a matter of law, Plaintiffs failed to plausibly allege that reasonable consumers would be deceived by Conagra's packaging. Additionally, the Products' labels—advertising crunchy breaded and beer battered frozen fish products as containing "100% Whole Fish Fillets"—are truthful, non-misleading, and unambiguous. Each of Plaintiffs' claims fails as a matter of law and should be dismissed with prejudice, as argued in Conagra's Motion to Dismiss (ECF 27 ("MTD")).

## ARGUMENT

### I.     Plaintiffs Lack Article III Standing.

Plaintiffs *admit* they failed to allege which Products they purchased (Opposition to Motion to Dismiss, ECF No. 32 ("Opp'n") at 8)[2] and thus lack standing for their claims. *Renn v. Otay Lakes Brewery, LLC*, 2023 WL 6050582, at *2 (S.D. Cal. Sept. 14, 2023) (dismissing case for Plaintiff's "fail[ure] to allege which products injured him"). It is black-letter law that a "plaintiff has the burden to allege Article III standing." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Plaintiffs' failure to allege which Products they purchased (or when, where, in what quantity, or how frequently) dooms their complaint. Recognizing their pleading shortfalls, Plaintiffs offer to "amend to identify the specific products they purchased," but then pivot and argue their deficient "allegations are sufficient under the prevailing 'substantial similarity' rule." *See* Opp'n at 8. This so-called "rule" is not at issue here. A "substantial similarity" argument goes to a plaintiff's attempt to represent class members injured by products she herself did not buy.

---

[1] All challenged products are identified in paragraph 27 of the First Amended Complaint ("FAC").

[2] Plaintiffs also appear confused about which Products allegedly misled them. When called out for including products (Fish Sticks) that do not feature the challenged claim, Plaintiffs quietly dump those products from the case, claiming they were "inadvertently included" in their amended complaint. Opp'n at 8, n.5.

(And courts in this district repeatedly have rejected such efforts.[3]) In all events, the "substantial similarity" question is never reached ***unless and until*** a plaintiff first establishes standing to sue in her own right—which Plaintiffs have failed to do here. *Cf. Curtis v. 7-Eleven, Inc.*, 2022 WL 4182384, at *6 (N.D. Ill. Sept. 13, 2022) ("The first issue is Curtis's standing to sue in her own right…. She can't stand up for anyone else if she has no standing.").

Plaintiffs fail to identify any case where a court found Article III standing notwithstanding a plaintiff's failure to identify what products he purchased. Because such authority doesn't exist, Plaintiffs resort to misrepresenting Conagra's cited cases, claiming that *Renn* "support[s] *Plaintiffs'* position, not Con[a]gra's." Opp'n at 9. Not so. In *Renn*—just like here—the Plaintiff failed to allege which products he purchased, and "the Court, *sua sponte*, dismisse[d] the complaint for lack of subject matter jurisdiction." 2023 WL 6050582 at *2.[4]

The Court dismissed Plaintiffs' initial Complaint, with leave to amend, for failure to sufficiently allege subject matter jurisdiction. There is no reason to afford Plaintiffs a third bite at the apple; the FAC should be dismissed with prejudice and without leave to amend because (as discussed below) Defendant's labeling is, as a matter of law, not deceptive to a reasonable consumer, so any attempt to amend would be futile. *See Richburg v. ConAgra Brands, Inc.*, 2023 WL 1818561, at *7 (N.D. Ill. Feb. 8, 2023) (dismissing complaint with prejudice).

---

[3] *See, e.g.*, *Sanchez v. Walmart Inc.*, 2024 WL 2132426, at *4 (N.D. Ill. May 13, 2024) ("Whether Sanchez may be an adequate class representative for absent class members injured by similar products is a different question … plaintiff cannot bypass the 'irreducible constitutional minimum' of Article III standing for her individual claim…. Plaintiff's claims relating to products that she did not purchase are dismissed without prejudice for lack of standing."); *Bohen v. ConAgra Brands, Inc.*, 2024 WL 1254128, at *3 (N.D. Ill. Mar. 25, 2024) ("Plaintiffs cannot be injured by products they did not buy…. Plaintiffs only have standing for the three purchased ConAgra products."); *Willard v. Tropicana Mfg. Co.*, 577 F. Supp. 3d 814, 825 (N.D. Ill. 2021) ("class-action plaintiffs cannot overcome Article III's standing requirement simply by arguing that products are substantially similar" (citing cases)).

[4] The court later addressed what would happen ***if*** "Plaintiff amends the complaint and identifies which Products he purchased," (*id.* at *3), but that hypothetical analysis cannot support Plaintiffs' position here.

## II.    Plaintiffs Do Not—and Cannot—Plausibly Claim that Reasonable Consumers are Deceived by the "100% Whole Fish Fillets" Claim.

Even setting standing aside, Plaintiffs' complaint is fatally flawed and should be dismissed with prejudice because "[a]s a matter of law, [P]laintiffs have not plausibly alleged that reasonable consumers would be deceived by defendant's packaging." *Id.* Plaintiffs' opposition largely takes Conagra's arguments out of context, blockquotes and misapplies *expansive* sections of caselaw, and attempts to reframe Plaintiffs' deficient complaint. None of Plaintiffs' arguments are availing.

### A.    Plaintiffs' Interpretation of the Challenged Claim is Implausible.

Plaintiffs argue that their "interpretation of the '100% Whole Fish Fillet' statement is the most plausible and sensible manner to interpret the claim[.]" Opp'n at 12. That's a fish tale. Plaintiffs illogically truncate the challenged claim, alleging that "[e]ach Plaintiff reviewed and relied on the … representation that the products were 100% whole fish." FAC ¶ 8.[5] Plaintiffs' alleged inference (that by purchasing a frozen, breaded fish product, they would receive a product "literally composed of 100% Whole Fish") is the type of "unreasonable interpretations of a label" that fail to survive a motion to dismiss because it is "fundamentally incompatible with basic common sense." *See Sorkin v. Kroger Co.*, 2024 WL 3673719, at *3 (N.D. Ill. Aug. 6, 2024); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021) (citing *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 495, 501 (2d Cir. 2020) as example where consumer's alleged inference—that by purchasing a ~$4 "Angus Steak & Egg Breakfast Sandwich," she would receive an actual, intact "steak"—was incompatible with basic common sense).[6]

---

[5] *See also* FAC ¶¶ 3, 30 ("[b]ecause the '100% Whole Fish' statement appears effectively as the main, stand-alone claim on the front of the labels of the products, reasonable consumers interpret it at face value: that the products are literally composed of 100% Whole Fish"), 31, 33, 35, 122, 132, 133; MTD at 11–12.

[6] *See also Harris v. Pfizer, Inc.*, 586 F. Supp. 3d 231, 243–44 (S.D.N.Y. 2022) ("A plaintiff does not have a claim … just because she comes away from an advertisement with an incorrect impression."); *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477 (7th Cir. 2020) ("where plaintiffs base deceptive advertising

No reasonable consumer would interpret the Products' labeling in the same implausible and unreasonable manner as Plaintiffs, because the Products unambiguously advertise to consumers that they are comprised of breaded and seasoned "100% Whole Fish **Fillets**" as opposed to minced fish (like the now-disclaimed Fish Stick Products) or some other combination of fish species. *See* Labels at FAC ¶ 29; RJN Exs. A, B. (emphasis added). The labels do not convey to a reasonable consumer that the Products do not contain other ingredients, or that they are made entirely or exclusively from fish, further supporting that a reasonable consumer would not be misled. *See Oettle v. Walmart, Inc.*, 2022 WL 3584944, at *5 (S.D. Ill. Aug. 22, 2022); MTD at 9.

Recognizing their pleading deficiencies, Plaintiffs attempt to reframe their complaint, arguing they "are not suggesting that a reasonable consumer would believe that the *entirety* of a 'breaded' fish product is made from 100% fish." Opp'n at 13. Yet, that is ***exactly*** what they alleged. Plaintiffs ***argue*** they alleged "a reasonable consumer would believe that the *fish fillet* part of the products is made from "100% Whole Fish," (Opp'n at 13), but tellingly, Plaintiffs fail to cite any allegation showing that to be true. Plaintiffs attempt to further recast their allegations,[7] arguing that the Product's packaging leads consumers "to believe that the fish *fillet* part of the product is '100% WHOLE FISH,' meaning that it is literally 100% fish." Opp'n at 12. Even if the FAC articulated this theory (it doesn't), Plaintiffs cannot escape the fact that the product starts with a whole fish fillet, before other ingredients (all disclosed on the Products' packaging) are added. The

---

claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified."); *Richburg*, 2023 WL 1818561, at *7; MTD at 11–12 (citing cases).

[7] Plaintiffs also contend that "Defendant is misconstruing Plaintiffs' allegations" (*see* Opp'n at 13) but fail to identify which allegations Defendant is purportedly "misconstruing." What's more, even if they *could* state a plausible claim for relief (and they cannot as a matter of law), they certainly cannot do so through their opposition brief. *See Retina Assocs. Of W. New York, P.C. v. McKesson Corp.*, 2024 WL 4122241, at *3 (W.D.N.Y. Sept. 9, 2024) ("It is well-established that a plaintiff 'cannot amend its complaint by asserting new facts or theories for the first time in opposition to the defendant's motion to dismiss.'").

"100% Whole Fish Fillets" claim is literally true and cannot mislead a reasonable consumer.

Plaintiffs also appear to argue that their confusion would be cleared if the label included the word "contains" (*see* Opp'n at 12), but that term is clearly implied by the surrounding context of the Products' labeling, which features prominent declarations the products are, e.g., "BEER BATTERED FILLETS" or "CRUCHY BREADED FILLETS" alongside large images that show the fish fillet products covered in batter or breading. *See* FAC ¶ 29; RJN Exs. A, B. [8] Accordingly, the fact that the Products "contain" "100% Whole Fish Fillets" as opposed to being literally comprised of "100% Whole Fish" is evident from the face of the product packaging. That lack of ambiguity suffocates other of Plaintiffs' arguments, including their unsupported assertion that their allegations are plausible under *Bell*.

### B.    *Bell v. Publix* **Is Distinguishable Because the Label is Not Ambiguous.**

Conagra previously explained that dismissal on the pleadings would be ***consistent*** with the Seventh Circuit's decision in *Bell* because the Products' labeling is not ambiguous on its face. *See* MTD at 14–15. In *Bell*, the plaintiffs alleged the challenged claim "was misleading because the back ingredients disclosed that the product was not in fact 100% cheese" Opp'n at 13 (citing *Bell*, 982 F.3d at 474). The Seventh Circuit agreed, adopting the reasoning of some other circuit courts that a "fine-print, back-label ingredient list" could not immunize ambiguous front label claims. 982 F.3d at 477. But here—through large product names and images of breaded fish products— the ***front label*** unambiguously conveys to consumers that the product is not "100% Fish."

---

[8] In its motion to dismiss, Conagra recognized that "[a]t worst the labeling claim is 'insufficiently specific' because it did not include" words like "contains" or "includes," and explained that courts in this district have observed that "insufficiently specific" claims are "not actionable" under consumer protection laws. *See* MTD at 12–13. Somehow, Plaintiffs interpreted that argument as one of "puffery." *See* Opp'n at 17. Not so. Conagra explained that courts in this district regularly find that where defendants make "no affirmative misrepresentation," the fact that their challenged claim could have been more specific or provided more detailed information is "not sufficient to state a claim" under consumer protection laws. *See Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1119 (N.D. Ill. 2019).

Reference to the back label is not needed to cure any front-label ambiguity—because there is none.

Plaintiffs' attempt to compare this case to *Bell* (Opp'n at 14–15) falls flat because the respective claims are inherently different. In *Bell*, the entire product was advertised as "100% Grated Parmesan Cheese." 982 F.3d at 476. According to the Seventh Circuit, it was reasonable for a consumer to believe that the product contained only parmesan cheese and no other ingredients. By contrast, the claim here highlights a single ingredient of an ***unavoidably*** multi-ingredient final product—battered, breaded fish pictured right on the front of the packaging. Conagra's claim simply informs the reasonable consumer that their battered or breaded frozen fish product contains "100% Whole Fish Fillets," in addition to other ingredients.

Plaintiffs' other cited cases (all pulled from the *Bell* opinion) are even more distinguishable. In *Dumont v. Reily Foods Co.*, 934 F.3d 35 (1st Cir. 2019), the court found the plaintiff stated a plausible claim for relief by contending she thought coffee styled "Hazelnut Crème" would contain some hazelnut, questioning what "Hazelnut Crème" could mean "if there is nothing in the package other than coffee." *Id.* at 41. But Plaintiffs do not challenge whether the Products contain fish fillets, so *Dumont* is hardly instructive. Plaintiffs citation to language describing the dissent's observation that a consumer could read one of the coffee packaging's claims—"Freshly Ground 100% Arabica Coffee"—in isolation and interpret that as saying that the package contains only coffee (*see* Opp'n at 15 (citing *Dumont*, 934 F.3d at 41)) is also unpersuasive because reading a single labeling claim "in isolation" flies in the face of *Bell's* directive "that deceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used." 982 F.3d. at 477. In *Dumont*, the context suggested there would be some form of hazelnut in the product. Here, context conveys the Products necessarily include ingredients in addition to "100% Whole Fish

Fillets." That is not a factual question incapable of resolution on a motion to dismiss. *See Bell*, 982 F.3d at 477 ("dismissal on the pleadings may well be justified" where "plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels").

Plaintiffs' citation to *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) is equally unpersuasive because Plaintiffs fail to explain how the facts in *Mantikas* are analogous or applicable here.[9] Rather, Plaintiffs summarily assert that "[h]ow a reasonable consumer would understand the '100%...fish fillet' claim is a question of fact."[10] But it is not, for all the reasons explained herein, and nothing in *Mantikas* changes that analysis. In *Mantikas*, the Second Circuit reaffirmed the Ninth Circuit's rule that small print ingredient lists on the back or side of product packaging cannot save a misleading representation on the front of the packaging. 910 F.3d at 633 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). Plaintiffs also cite *Williams* for the same position. Opp'n at 16. Those citations would matter only if Conagra were relying solely on its ingredient list to cure any alleged deception. It is not because its well-articulated (and supported) position is that the challenged claim is not misleading—or ambiguous. Plaintiffs' misguided reliance on *Williams* willfully ignores the vast body of post-*Williams* case law stating that a defendant can rely on an ingredient list (or other back-of-pack claims) where a product's front label is not "unambiguously deceptive." *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023) ("the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front

---

[9] The *Mantikas* court dealt with highly distinguishable facts where crackers were advertised as "WHOLE GRAIN" despite being predominately comprised of enriched white flour. Plaintiffs do not dispute, and indeed, *admit*, that fish is the primary ingredient in the Products (Opp'n at 16), so it is unclear how the facts of *Mantikas* apply here.

[10] In their Opposition, Plaintiffs repeatedly refuse to present an accurate or non-truncated version of the challenged claim, demonstrating that they cannot explain how the full challenged claim, presented in connection with all information and context available to them, is misleading.

label"); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (ingredient list qualifiers "can ameliorate any tendency of the label to mislead" provided the back label ingredients lists confirms, rather than contradicts a front label claim). However, Conagra need not do so here because the front label is not ambiguous, and the rear label would only confirm the reasonable interpretation of the front label.

Not only are Plaintiffs' cited cases inapplicable and unpersuasive, their opposition fails to engage with contrary authority cited in Conagra's motion to dismiss. For example, Plaintiffs refuse to address the holding in *Brownell v. Starbucks Coffee Co.*, which dismissed claims based on a challenge to a "100% Arabica Coffee" labeling claim because the court found a reasonable consumer would understand the "100% Arabica Coffee" labeling to mean the ground coffee beans are exclusively from the arabica plant. 681 F. Supp. 3d 27, 38 (N.D.N.Y. 2023). Applied here, a reasonable consumer would understand the fish is exclusively from a whole fish fillet, as opposed to "any other type of [fish]." *See id.*; *see also* MTD at 8–13 (citing cases ignored in Opp'n).

## III.    Plaintiffs Fail to Plausibly Allege They Suffered Injury as a Result of any Alleged Misrepresentations.

As Conagra previously explained: (i) Plaintiffs never alleged they received any less fish than what they bargained for or that they paid a price premium based on the amount of fish they believed they were purchasing; and (ii) Plaintiffs failed to allege any facts supporting their conclusory claims that Conagra, as opposed to fish "processors" generally, "artificially add[s] weight" to the Products or that Conagra engages in "STPP soaking" or includes STPP or water as a *filler*. MTD at 16–19. Each argument is unrebutted.

Indeed, Plaintiffs fail to allege any plausible claims supporting reliance or deception based on the inclusion of "industrial fillers" or "manually added water." That's despite opening their complaint by boldly proclaiming that this case "involves the widespread use of short weighting on

8

a massive scale." FAC ¶ 2. And now, Plaintiffs concede they "are not basing any claims on the net weight of the products." Opp'n at 17. That concession eviscerates Plaintiffs' claim of injury.

Plaintiffs alleged: (i) "The term '100% Whole Fish Fillet is misleading because, in fact, the products are fish combined with STPP and water, which *is used as a filler to add weight.*" (FAC ¶ 36); (ii) "[d]ue to STPP soaking, the labeling of the subject projects has the capacity or tendency to deceive or confuse reasonable consumers" (*id.*, p. 6); (iii) the challenged claim misleads consumers to believe "that the products are literally composed of 100% Whole Fish, *without any fillers or added water*" (*id.* ¶ 30) (all emphasis added); (iv) "[s]hort-weighting charges consumers more for less seafood" (*id.* ¶ 22) and (v) that "[f]or each Plaintiff, if he or she had known the products were falsely labeled, the Plaintiff would not have bought them, or would have paid less." (*id.* ¶ 9). But because Plaintiffs failed to plausibly allege they relied on or were deceived by the weight of the fish, they suffered no injury, even under their "price premium" theory.

Despite repeatedly alluding to "fillers" and "added water," the complaint fails to plausibly allege either is included in the product. Plaintiffs assert that Conagra "artificially pump[ed] the fish with water and STPP," but they have no support for this proclamation aside from the fact that "STPP and added water are listed in the ingredient list." Opp'n at 17. But as explained on the ingredient list, STPP is "*added to retain moisture,*" and water is included as a separate ingredient, outside the ambit of the parenthetical describing the Haddock or Pollock ingredient and located alongside other ingredients, like soybean oil and wheat flour, which Plaintiffs obviously do not allege were "pumped" into the fish fillets.

With no supporting factual allegations, Plaintiffs baldly assert that "the STPP in the products is not added to retain the natural water or moisture of the fish" (despite the ingredient label expressly declaring exactly that purpose), "but rather to bulk up the products' weight and

size and retain the water that has been artificially pumped into the products at Defendant's processing plants." *See* FAC ¶¶ 34–35. Plaintiffs include no factual allegations about when that water is allegedly added, what "processing plants" Conagra allegedly uses, or what process Conagra purportedly employs to "pump" up the fish with the alleged "industrial filler." *See id.* ¶¶ 3, 33, 35. Plaintiffs also fail to support their conclusory claim that the ingredient list is wrong in its plain disclaimer that STPP is "***added to retain moisture***." *See id.* ¶ 34. Accordingly, Plaintiffs have failed to plausibly allege that Conagra adds fillers and water to the Product, leaving their claims of deception dead in the water. *See Sheppard v. Manhattan Club Timeshare Ass'n*, 2012 WL 1890388, at *6 (S.D.N.Y. May 23, 2012) (dismissing NYGBL § 349 claim because "plaintiffs' allegations of 'deceptive acts or practices' are conclusory, even under the less-exacting standards of Rule 8(a)."); *Perez v. B. Braun Med., Inc.*, 2018 WL 2316334, at *6 (S.D.N.Y. May 9, 2018) (dismissing NYGBL §§ 349 and 350 claims where plaintiff "fail[ed] to show what materially misleading representations defendants made"). Without a plausible claim for deception, Plaintiffs cannot adequately allege any injury.

Moreover, Plaintiffs' allegations of injury are unsupported: Plaintiffs do not allege how much they paid for the Products, the additional amount they claim to have paid for the Products, or which products they otherwise would have bought. Plaintiffs have also not alleged causation, *i.e.*, that any supposed price premium is the result of the challenged claim. Accordingly, they fail to plausibly allege any injury at all. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (to state a plausible claim for injury, "plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase"); *Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 56 (N.Y. 1999) (requiring a "connection between the misrepresentation and [some] harm from, or failure of, the product").

## IV.    Plaintiffs' Claims Fail for Additional Reasons.

### A.    Plaintiffs Fail to Plead Their Claims with Particularity (Counts I–III & VI).

Plaintiffs' fraud-based claims[11] must be dismissed because Plaintiffs failed to meet Rule 9(b)'s heightened pleading standard. *See* MTD at 19–20. Plaintiffs failed to respond to this argument, resulting in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Accordingly, Counts I–III and Count VI should be dismissed for Plaintiff's failure to plead discrete details about the alleged fraud. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("non-moving party must proffer some legal basis to support his cause of action").

### B.    Plaintiffs Express and Implied Warranty Claims Fail (Counts VII-VIII).

*First*, Plaintiffs' express warranty claim fails under each applicable state's law because Plaintiffs fail to "point to a specific and unequivocal written statement" or "express promise" that forms the existence of an express warranty. *See Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021). Because Plaintiffs illogically truncate the Product's representation (*i.e.*, by alleging that Conagra "expressly warranted that [the Products] were 100% whole fish" (FAC ¶ 132)), Plaintiffs do not "describe the exact terms of the warranty at issue" and fail to state a plausible express warranty claim. *See Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *6 (C.D. Cal. Sept. 20, 2017); *Lima v. Post Consumer Brands, LLC*, 2019 WL 3802885, at *9 (D. Mass. Aug. 13, 2019) (dismissing warranty claim for failing to identify "express promise"); *Nabors v. Google, Inc.*, 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011) ("General

---

[11] Counts I–III and VI are subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard. MTD at 19, n.8.

assertions about representations or impressions … are not equivalent to a recitation of the exact terms of the underlying warranty"). *Second*, Plaintiffs admit they are not in privity with Conagra (Opp'n at 18) and are wrong that the reliance exception applies. Plaintiffs allege they "relied on … representation that the products were 100% whole fish." FAC ¶ 8. But because Conagra didn't warrant the Products as being exclusively comprised of fish, Plaintiffs fail to adequately allege reliance on any express claim, dooming their claim under Illinois and California law. *Watkins*, 574 F. Supp. 3d at 758; *Johnston v. Kashi Sales, L.L.C.*, 626 F. Supp. 3d 997, 1011 (S.D. Ill. 2022). *Third*, Plaintiffs fail to address *Johnston's* requirement that plaintiffs without privity in Illinois allege adequate "factual support for the 'direct dealing' exception." 626 F. Supp. 3d at 1011.

Plaintiffs' arguments supporting their implied warranty claim are also unavailing. *First*, the "third party beneficiary" exception does not apply here because Plaintiffs did not "sufficiently plead[]" that they were a "third-party beneficiary to a contract that gives rise to the implied warranty of merchantability." *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 941, 944, 945 (N.D. Ill. 2021) (explaining limited circumstances where third-party beneficiary exception applies under California, Illinois, and New York law). *Second*, Plaintiffs' other purported "exceptions" fail: The exception for reliance on written labels or advertisements applies "only to express warranties" and the exception "involving foodstuffs" flows only so far as to impliedly warrant the food is fit "for human consumption." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695–96 (Cal. 1954). *Third*, Plaintiffs' tangential suggestion that STPP is "a suspected neurotoxin" (*see* Opp'n at 19; FAC ¶ 3) is hardly sufficient to create a question of fact as to whether the Products are fit for consumption, including because Plaintiffs *do not allege* STPP is unsafe for consumption; instead, they allege it is commonly used in seafood. *See* FAC ¶¶ 21–26. Further, "when it comes to food, the seller only breaches its implied warranty of merchantability when the food is inedible,"

and because "Plaintiffs make no such allegations" here, their implied warranty claim fails. *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 119 (E.D.N.Y. 2021); MTD at 21 (citing cases).

### C.    The Unjust Enrichment Claim (Count IX) Should Be Dismissed.

Plaintiffs admit their unjust enrichment claim fails under Illinois, New York, and California law if their other consumer protection claims are dismissed. Opp'n at 20. And Plaintiffs do not dispute their claim also fails under California law unless the Court finds they have plausibly alleged "fraudulent or misleading labeling with the specificity required by Rule 9(b)." *Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *6 (S.D. Cal. Feb. 4, 2019); MTD at 22. As explained in Section IV.A, they have not.

Plaintiffs' argument that their unjust enrichment claim survives under Massachusetts law is equally unavailing. ***First***, Plaintiffs failed to adequately plead their unjust enrichment claim in the alternative. *See* MTD at 22, n.10. Moreover, Massachusetts courts dismiss unjust enrichment claims where adequate legal remedies exist. *Lima*, 2019 WL 3802885, at *10 (dismissing unjust enrichment claim because "if Plaintiffs had in fact been reasonably misled by [Defendant's] packaging, they would have no shortage of contractual and statutory remedies."). ***Second***, while Plaintiffs point out some instances where unjust enrichment claims may be plead in the alternative (which Plaintiffs fail to do here), they fail to grapple with recent published authority from Massachusetts: "Plaintiff's contention that it is permissible to plead both an unjust enrichment claim and an alternative cause of action at the pleading stage is correct, but fails to address the fact that the availability of a Chapter 93A claim [*here, Plaintiffs' Count VI*] bars any unjust enrichment claim." *Patenaude v. Orgain, LLC,* 594 F. Supp. 3d 108, 116 (D. Mass. 2022). Plaintiffs' nationwide class argument merely highlights the disparity between states' unjust enrichment laws and supports striking the nationwide unjust enrichment pleadings now because of the many

13

material conflicts among states' laws for that claim. *See infra* Section IV. E. at 15.

### D. Plaintiffs Lack Standing to Pursue Injunctive Relief.

Plaintiffs do not have standing to pursue injunctive relief because they failed to allege "a sufficient likelihood that [plaintiff[s]] will again be wronged in a similar way." *See Curran v. Bayer Healthcare LLC*, 2019 WL 398685, at *5 (N.D. Ill. Jan. 31, 2019). Plaintiffs are wrong that the exception discussed in *Curran*—arising from the Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)—applies here. The facts are easily distinguishable. In *Curran*, the plaintiff sought to purchase sunscreen again, but could not be assured the product was accurately labeled as to its SPF rating. 2019 WL 398685, at *5. And in *Davidson*, the plaintiff sought to purchase "truly flushable wipes" if it was "possible to determine prior to purchase if the wipes were suitable to be flushed." 889 F.3d at 962.[12]

Plaintiffs challenge Conagra's claim that its products contain "100% Whole Fish Fillets." FAC ¶ 29. But Plaintiffs are now aware that the Products include "100% Whole Fish Fillets" in addition to STPP (which is disclosed in the ingredients list), added to retain moisture. *Id.* ¶ 35. Thus, they have failed to plead "a sufficient likelihood that [they] will again be wronged in a similar way," and they do not have standing to pursue injunctive relief. *Johnston v*, 626 F. Supp. 3d at 1004 ("District courts within the Seventh Circuit have concluded that allegations of deceptive practices do not support standing for injunctive relief" where a consumer "is already aware of the [Defendant's] allegedly deceptive sales practices."); *see also* MTD at 23 (citing cases).

---

[12] Plaintiffs' other cited cases are equally distinguishable and cannot overcome the "general rule" that a consumer's awareness of deceptive practices eliminates standing to pursue injunctive relief. *See Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at *14 (N.D. Ill. Feb. 26, 2019) (plaintiff sought to purchase beauty products again that were unused by others); *Leiner v. Johnson & Johnson Consumer Co.*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016) (plaintiff sought to purchase products backed by true clinical claims); *Carrol v. S.C. Johnsons & Son, Inc.*, 2018 WL 1695421, at *3 (N.D. Ill. Mar. 29, 2018) (plaintiff sought to purchase sunscreen that actually had 50+ SPF rating).

### E. Plaintiffs' Proposed Nationwide Class Should Be Dismissed.

Despite nearly six pages of argument that their nationwide class claims should survive, Plaintiffs fail to identify controlling precedent or meaningfully counter Conagra's points. While Plaintiffs identify a split of authority in this District, they fail to meaningfully rebut the reasoning of multiple courts that have dismissed nationwide class claims at the pleadings stage. *See, e.g.*, *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022); *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at *5 (N.D. Ill. Feb. 26, 2019) (dismissing nationwide class claims because "no matter which perspective one takes, there is plainly ample reason at this juncture to question whether plaintiffs will be able to pursue claims based on statutory causes of action created by states where plaintiffs neither lived nor were injured" (cleaned up)).

None of Plaintiffs' arguments moves the needle. *First*, their citation to *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002) is unavailing because that case dealt with a single *Illinois* statute—not a nationwide class, like here, where Plaintiffs seek to represent individuals under the laws of *other states* for injuries suffered outside the states where Plaintiffs reside. *Second*, that Conagra asserts a second and independent reason why the nationwide unjust enrichment class claim fails does nothing to undermine Conagra's argument that each nationwide class claim fails. *Third*, there is ample authority in this District, and across the nation, supporting Conagra's argument that the pleadings stage is an appropriate time to dismiss futile nationwide class claims, and disposing of Plaintiffs' "plain meaning" argument. *See* MTD at 24–25 (citing cases).

### CONCLUSION

Plaintiffs lack both Article III standing and a plausible argument that reasonable consumers would be deceived by the Products' labeling. Given that Plaintiffs have already amended once, and because Plaintiffs' claims fail as a matter of law, the Court should dismiss the FAC in its entirety and with prejudice.

DATED: October 23, 2024 */s/ Tobin J. Taylor*     

Tobin J. Taylor

*Counsel for Defendant Conagra Brands, Inc.*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on

October 23, 2024, with the Court and served electronically through the CM/ECF system to all

counsel of record registered to receive a Notice of Electronic Filing for this case.

_/s/ Tobin J. Taylor_____
Tobin J. Taylor