# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINDY PAPPERT, WILLIAM MARTIN, and CATHERINE FOSTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:24-cv-04835<br>)<br>)<br>)<br>)<br>)<br>) |

## CONAGRA BRANDS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Tobin J. Taylor (Bar #6238227)
HEYL ROYSTER VOELKER & ALLEN, P.C.
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com

Angela M. Spivey (*pro hac vice*)
Andrew G. Phillips (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

*Attorneys for Conagra Brands, Inc.*

Conagra submits this Notice of Supplemental Authority in support of its Motion to Dismiss (Dkt. 26) concerning the Northern District of Illinois' opinion in *Hicken v. The Quaker Oats Co.*, No. 1:22-cv-05043 (Dkt. 48) (December 2, 2024) (attached as **Exhibit 1**):

The plaintiff in *Hicken* asserted nearly-identical consumer protection, warranty, and unjust enrichment claims to Plaintiff here, alleging that the label on Quaker granola boxes is deceptive and misleading because consumers expect—based on the use of the word "simply" before the word "granola" and the words "oats, honey, raisins & almonds"—that the product will contain *only* those front-of-pack-identified ingredients. The court rejected that argument as "unreasonable and fanciful":

> Even viewing the allegations in the Plaintiffs' favor, their proposed interpretation of the product label is unreasonable and fanciful . . . . using the word "simply" to describe the granola does not mean, when viewed from the perspective of a reasonable consumer, that the ingredients would be limited to that front-of-the package list. The Plaintiffs also do not plausibly allege that the image of granola, even in combination with the text, conveys that the product will only contain those four ingredients.

*Id.* at 5-6.

*Hicken* directly supports dismissing Plaintiffs' allegations here. <u>First</u>, just like in *Hicken*, there is "no promise on any of the Products' labels that the Products do not contain other ingredients," in addition to "100% Whole Fish Fillets." Dkt. 27 at 9. <u>Second</u>, "[t]he statement 'simply granola' with a list of specific ingredients underneath it"—like the listing of "100% Whole Fish Fillets" under the larger, more prominent Product names (*e.g.*, Beer-Battered Fish Fillets)—"is not like the statement '100% Grated Parmesan Cheese,' and could not plausibly be interpreted to" to mean a product "only include[s] those [listed] ingredients." *Hicken*, No. 1:22-cv-05043 (Dkt. 48) at 8; *see* Dkt. 27 at 13-15. <u>Third</u>, Plaintiffs cannot substitute their fanciful and implausible beliefs for those of reasonable consumers. *See id.* at 11-13. The Court should therefore dismiss Plaintiffs' FAC in its entirety and with prejudice.

Respectfully submitted this 17th day of December, 2024.

*/s/ Tobin J. Taylor*
Tobin J. Taylor

*Counsel for Defendant Conagra Brands, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on December 17, 2024, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Tobin J. Taylor*
Tobin J. Taylor

*Counsel for Defendant Conagra Brands, Inc.*