| | |
|---|---|
| CINDY PAPPERT, WILLIAM MARTIN, and CATHERINE FOSTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC.,<br><br>Defendant. | Case No. 1:24-cv-04835 |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), this Court's local rules, and this Court's Order on May 21, 2026 (Dkt. 42), Plaintiffs Pappert, Martin, and Foster ("Plaintiffs") and Defendant Conagra Brands, Inc. ("Defendant") provide the following joint status report and proposed case management schedule.

1. **The Nature of the Case:**

   A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (General Bar)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

Yeremey O. Krivoshey
(pro hac vice forthcoming)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Carl Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604

Angela M. Spivey (Lead) (*pro hac vice*)
Andrew G. Phillips (Lead) (*pro hac vice*)
Troy A. Stram (*pro hac vice*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

Tobin J. Taylor (Lead) (Bar #6238227)
Andrew J. Roth (Bar #6279716)
Laura Lee Buecker (Bar #6326647)
**HEYL ROYSTER VOELKER & ALLEN, P.C.**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602
(312) 853-8700

1

Phone: 312-984-0000
E-Mail: malmstrom@whafh.com

*Counsel for Plaintiffs*

ttaylor@heylroyster.com
aroth@heylroyster.com
lbuecker@heylroyster.com

*Counsel for Defendant*

B. **Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

In this putative class action, Plaintiffs allege that certain Van de Kamp and Mrs. Paul's branded fish fillets are advertised as "100% whole fish fillets," but in fact contain an inorganic, industrial compound called Sodium Tripolyphosphate. Plaintiffs assert statutory consumer protection claims under California, New York, and Massachusetts law, and common law claims for breach of warranty and unjust enrichment.

As laid out in Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") filed August 3, 2024 (Dkt. 26-28), Defendant denies Plaintiffs' allegations in their entirety, denies that Plaintiffs have Article III standing to assert their claims, and denies that Defendant's marketing would mislead a reasonable consumer.

C. **Briefly identify the major legal and factual issues in the case.**

The primary legal and factual issues concern whether the claims should be certified under Fed. R. Civ. P. 23, whether the "100% whole fish fillets" labeling has the tendency or capacity to deceive or confuse a reasonable consumer, or otherwise supports liability under the reasonable consumer standard, and whether Plaintiffs have suffered an Article III injury.

D. **State the relief sought by any of the parties.**

Plaintiffs seek actual damages, statutory damages under GBL §§ 349 and 350, treble damages under Massachusetts General Law c. 93A, nonrestitutionary disgorgement of profits, prejudgment interest, and attorneys' fees and costs.

In its Answer filed May 20, 2026, Defendant lays out its affirmative defenses and prayer for relief seeking a judgment against Plaintiffs and that: (i) Plaintiffs and the putative class take nothing by reason of the Complaint; (ii) the Complaint and each count asserted therein be dismissed with prejudice; (iii) Conagra be awarded its cost of suit; (iv) Conagra be awarded reasonable attorneys' fees in this action; and (v) for such other and further relief as this Court may deem just and proper. Dkt. 41.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

Plaintiffs' position is that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

Defendant does not dispute that the Court has diversity jurisdiction over Plaintiffs' claims under CAFA. However, as set forth in Defendant's Motion to Dismiss (Dkt. 27), Defendant asserts that Plaintiffs lack standing to assert their claims against Defendant. Defendant reserves the right to challenge the Court's personal jurisdiction over absent putative class members outside of the forum state.

A. **Identify all federal statutes on which federal question jurisdiction is based.**

None.

B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

(1) *State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).*

The parties agree that the amount in controversy exceeds the jurisdictional threshold.

(2) *Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.*

Defendant is incorporated in Delaware and has its principal place of business in Illinois.

Plaintiff Martin is domiciled in California, Plaintiff Pappert is domiciled in New York, and Plaintiff Foster is domiciled in Massachusetts.

This matter does not involve federal claims or pendent jurisdiction.

3. **Status of Service: Identify any defendants that have not been served.**

Defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

Counsel confirm that all parties have been advised that they may proceed before a Magistrate Judge if they consent unanimously. The parties do not consent to a proceeding before a Magistrate Judge.

5. **Motions:**

A. **Briefly describe any pending motions.**

There are no pending motions as of the date of this filing.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendant filed a Motion to Dismiss on August 3, 2024 (Dkt. 26-28), and this Court ruled on the motion on April 29, 2026 (Dkt. 40). The Answer was filed on May 20, 2026. *See* Dkt. 41.

6. **Status of Settlement Discussions:**

The parties have not engaged in settlement discussions and do not request a settlement conference at this time.

7. **Proposed Case Management Schedule**:

The parties ask the Court to first set deadlines for briefing on class certification and supporting expert opinions, and then order the parties to submit a proposed schedule for remaining pre-trial deadlines within 21 days of an order on the motion for class certification. The reason is that the outcome of class certification—including class notice (which is required before summary judgment)[1] and appeals under Rule 23(f)—will impact the timing and scope of the subsequent pretrial events.

The parties propose the following schedule for class certification:

| Event | Deadline |
| --- | --- |
| Initial disclosures: | June 17, 2026 |
| Deadline to join parties or to seek leave to amend: | September 15, 2026 |
| Close of fact discovery: | May 14, 2027 |
| Expert disclosures: | June 14, 2027 |
| Expert rebuttal: | August 14, 2027 |
| Close of expert discovery*: | October 12, 2027 |
| Deadline to file class certification: | November 19, 2027 |
| Opposition to class certification: | January 19, 2027 |

---

[1] *See Bakov v. Consolidated World Travel, Inc.*, 68 F.4th 1053, 1056 (7th Cir. 2023) ("classes certified under Rule 23(b)(3) may not go forward until the unnamed members of the class have received notice and an opportunity to opt out").

| Reply in support of class certification: | February 18, 2027 |
|---|---|
| Joint status report with proposed further case management deadlines: | 21 days from order on motion for class certification |

*All parties commit to work in good faith to make their respective expert witnesses available for depositions sufficiently and reasonably in advance of the deadline for any upcoming, related briefing that the deposing party is scheduled to file.

Respectfully submitted on  June 3, 2026

By: */s/ Joel Smith*

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (General Bar)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey
(pro hac vice forthcoming)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Carl Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604
Phone: 312-984-0000
E-Mail: malmstrom@whafh.com

***Attorneys for Plaintiffs***

By: */s/ Andrew G. Phillips*

Angela M. Spivey (*pro hac vice forthcoming*)
Andrew G. Phillips (*pro hac vice coming*)
Troy A. Stram (*pro hac vice forthcoming*)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000 (telephone)
angela.spivey@alston.com
andrew.phillips@alston.com
troy.stram@alston.com

Tobin J. Taylor (Bar #6238227)
Andrew J. Roth (Bar #6279716)
Laura Lee Buecker (Bar #6326647)
**HEYL ROYSTER VOELKER & ALLEN, P.C.**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602
(312) 853-8700
ttaylor@heylroyster.com
aroth@heylroyster.com
lbuecker@heylroyster.com

***Attorneys for Conagra Brands, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on June 3, 2026, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

/s/ Joel D. Smith
Joel D. Smith